IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN D. KOCH,** *executor of the estate of Rhea Lynn Koch, deceased,* and **BRYAN D. KOCH,** *in his own right,* *Plaintiffs,* | : : : : : | **CIVIL ACTION** |
| v. | : : | No. 19-4697 |
| **PROGRESSIVE DIRECT INS. CO.,** *Defendant.* | : : : | |

## MEMORANDUM

Plaintiffs move to remand this case to state court to be consolidated with two other related matters pursuant to 28 U.S.C. § 1447(e). Plaintiffs contend that joinder in this case of the non-diverse party involved in the related matters would destroy diversity, divesting this Court of subject matter jurisdiction.

### I. Background

This action arises out of a motor vehicle accident between a drunk driver and a motorcycle ridden by Bryan D. Koch and Rhea Lynn Koch. ECF No. 1; Exhibit A at ¶ 10-15. *Id.* The at-fault driver only had minimum liability coverage, which was paid. *Id.* at 16. The motorcycle was insured by Defendant, Progressive Direct Insurance Company ("Progressive Direct"), at the time of the accident. *Id.* at ¶ 17. Defendant Progressive Direct denied underinsured motorist coverage to Plaintiffs. *Id.* at ¶ 18. Bryan and Rhea Koch's automobile insurance carrier, Erie Insurance Exchange ("Erie"), denied Plaintiffs' claims for UIM coverage under the

1

Erie automobile insurance policy. *Id.* at ¶¶ 23. Plaintiffs, Estate of Rhea Lynn Koch and Bryan D. Koch, filed this suit in state court against Defendant Progressive Direct, alleging breach of contract. ECF No. 1, Ex. A.

There are two other cases related to this matter, arising out of the same motor vehicle accident, which are currently pending in the Court of Common Pleas of Berks County, Pennsylvania. *Id.* at ¶¶ 20-24. In the first related case, Erie filed suit against Plaintiffs in Berks County in February 2019, contending coverage is not available to Plaintiffs from Erie because Plaintiffs rejected UIM coverage under the Progressive Direct motorcycle policy. *Id.* In the second related case, Plaintiffs filed suit against Erie Insurance Exchange in Berks County in March 2019 for breach of contract and bad faith in failing to pay the UIM coverage under its policy. *Id.* at ¶ 21. Erie has asserted in defense that UIM coverage in not available to Plaintiffs from Erie because Plaintiffs rejected UIM coverage under the Progressive Direct motorcycle policy. *Id.*

Plaintiffs filed a Petition to Consolidate these three matters in the Court of Common Pleas in Berks County on September 23, 2019. ECF No. 1, Ex. C.

## II. Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction over the action. District courts have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C § 1332(a). If a case is not initially removable, notice of removal may be filed within 30 days of the parties first becoming diverse. 28 U.S.C. § 1446(b)(3). Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing . . . that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d. Cir. 1987) (citing *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

### III. Discussion

Plaintiffs move this Court to remand "this state law diversity claim," under 28 U.S.C. § 1447(e), "for consolidation with related actions in state court where there are parties that" would destroy diversity. ECF No. 6 at 5. Section 1447(e) states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or

3

permit joinder and remand the action to the State court." Plaintiffs have not made a formal request to join Erie, the non-diverse party to the related state court actions, but still seeks remand under § 1447(e). ECF No. 6 at 8-9. Defendant contends that Plaintiffs' failure to make a formal request for joinder is fatal to its motion. ECF No. 8 at 6-7.

In support of their motion to remand, Plaintiffs cite *Groh v. Monestero*, 2013 WL 1809096 (E.D. Pa. April 29, 2013). In *Groh*, the plaintiff had initiated multiple civil actions in state court arising out of the same hunting accident. *Id.* The defendant in one of the related state court matters removed his case to the Eastern District of Pennsylvania. *Id.* at *2. The plaintiff moved to remand, contending that although she had "not made a formal motion for joinder of additional defendants here, . . . 1447(e) counsels for remand because if she did seek to join defendants from the consolidated . . . action . . . diversity would be defeated and this Court's subject matter jurisdiction would be lost." *Id.* at *2.

In determining whether to grant the plaintiff's motion to remand, the Court applied the *Hensgens* factors, which include "[1] whether plaintiff's purpose in seeking to add a new, non-diverse defendant and thus to remand the case to state court is explicitly to defeat federal jurisdiction, [2] whether the plaintiff was dilatory in seeking to add the new defendant, [3] whether the plaintiff will be injured if the motion is not allowed, and [4] any other factors bearing on the

equities." *Id.* (quoting *Hensgens v. Deere Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

The *Groh* court concluded that these factors favored remand to state court, first, because there was "no evidence suggesting Plaintiff's motive [was] to defeat federal jurisdiction," especially as the plaintiff had not added any defendants after the case was removed. *Id.* at *4. Second, the plaintiff was not "dilatory in seeking remand for the purpose of consolidating the present case with related cases in state court." *Id.* Finally, the court found that the plaintiff would "unquestionably" be injured if remand were denied, because she would "be forced to pursue two lawsuits in two separate court systems, even though they both center on the same set of facts and circumstances." *Id.* The court found that "[t]he fact that Plaintiff did not file a formal motion for joinder is not dispositive because her arguments about joinder are clearly set forth in the Motion for Remand." *Id.* at *4 (citing *Morze v. Southland Corp.*, 816 F. Supp. 369 (E.D. Pa. 1993)).

Defendant in this case, on the other hand, contends that this Court should instead follow *Brubaker v. Amica Mutual Insurance Company*, 2014 WL 465841 (M.D. Pa. February 4, 2014). In that case, the plaintiffs similarly moved to remand an action to state court in order to consolidate it with another related state court action for purposes of "judicial efficiency." *Id.* at *1. There, the court denied the plaintiffs' motion to remand, finding remand was not proper because "Plaintiffs

5

unambiguously state[d] that they are not seeking to join a non-diverse party to the federal action." *Id.* at *2. Here, Defendant claims because "Plaintiffs are not seeking to join Erie in this Federal court action which would destroy diversity of jurisdiction and compel remand back to the state court," § 1447(e) does not apply. ECF No. 8 at 6-7.

This Court holds that this case should be remanded back to the Court of Common Pleas of Berks County. As in *Groh*, the *Hensgens* factors favor remand. *See Groh v. Monestero*, 2013 WL 1809096 (E.D. Pa. April 29, 2013). First, it is evident that Plaintiffs do not seek to join Erie in these proceedings simply to defeat federal diversity jurisdiction. As Plaintiffs state, "it was Erie that initiated the first action in the Court of Commons Please of Berks County," and further Plaintiffs had "filed a Petition to Consolidate" all three related actions in state court before Defendant Progressive Direct filed its Notice of Removal. ECF No. 6 at 8; Ex. C. Next, Plaintiffs were not dilatory in seeking to remand this matter, as they filed their Motion to Remand less than a month after the Notice of Removal was filed. ECF Nos. 1, 6. Furthermore, Plaintiffs will undeniably be injured if this action proceeds in federal court, as Plaintiffs will be required to litigate two separate lawsuits in two separate court systems, even though all suits revolve around the same motor vehicle accident. *See* ECF Nos. 1, 6 at 8 ("The cases arise out of the same accident and all involve the issue of the availability of UIM coverage to the

Kochs under the Progressive Direct policy."). Not only would Plaintiffs be required to expend additional resources pursuing this matter in two courts, but it also allows for the risk of conflicting decisions. *See Groh*, 2013 WL 1809096 at *4.

Finally, Defendant's contention that because Plaintiffs failed to file a formal motion to join Erie in this action and therefore § 1447(e) does not apply is unpersuasive. ECF No. 8 at 7. Here, Plaintiffs have not "explicitly state[d] that they are not moving to join [the non-diverse defendant] to the federal action," as in *Brubaker*. 2014 WL 465841 at *2. Instead, Plaintiffs have clearly set forth their intention to consolidate the three related matters in one case, and their arguments for joinder are consistent in their Motion to Remand. ECF No. 6; Ex. C.[1]

## IV. Conclusion

For the forgoing reasons, Plaintiffs' Motion to Remand, ECF No. 6, will be granted. An appropriate order will follow.

DATED: 1-2-2020

BY THE COURT:

CHAD F. KENNEY, J.

---

[1] Plaintiffs also moved to remand based on Defendant's failure to attach the Writ of Summons and the September 27, 2019 Order of the Court to the Notice of Removal. ECF No. 6 at 10-11. As the Court has granted Plaintiffs' Motion to Remand based on § 1447(e), it need not consider this argument.

7